**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| FRACINE COLE, Individually and as Administrator of the ESTATE OF BEVELYN D. COLE,<br><br>Plaintiff,<br><br>v.<br><br>GUARDIAN LIFE INSURANCE OF AMERICA,<br><br>Defendant. | Civil Action No. 11-1026 (JLL)<br><br>**OPINION** |

**LINARES,** District Judge.

This matter comes before the Court by way of Plaintiff Francine Cole's ("Plaintiff"), motion for reconsideration of this Court's Opinion and Order granting summary judgment in favor of Guardian Life Insurance of American ("Defendant"). The Court has considered the submissions made in support of and in opposition to the instant motion, and decides this matter without oral argument pursuant to Fed. R. Civ. P. 78. For the reasons set forth below, Plaintiff's motion is denied.

## I. BACKGROUND

The relevant facts of this case are fully detailed in this Court's August 6, 2013 Opinion ("Opinion"), and are repeated here only to the extent they are pertinent to the instant motion for reconsideration.

This case concerns the death of Bevelyn D. Cole ("Decedent"). On February 23, 2011, Plaintiff, Decedent's sister, brought suit pursuant to the Employee Retirement Income Security

Act ("ERISA"), 29 U.S.C.§ 1001, *et. seq.* challenging Defendant's non-payment of an accidental death benefit following Decedent's death. On May 21, 2013, Defendant moved for summary judgment, claiming, as a threshold matter, that Plaintiff lacked standing to bring suit under ERISA because she was neither a participant in, nor a beneficiary of the Plan at issue.

Plaintiff filed an opposition to Defendant's motion on June 17, 2013. Despite the undisputed facts that Plaintiff was neither a Plan participant nor a listed beneficiary on Decedent's Plan Enrollment Form, Plaintiff advanced two arguments asserting that she, nevertheless, had standing to pursue a claim for accidental death benefits. The two arguments raised by Plaintiff were: (1) the Decedent's Plan Enrollment Form was fraudulent; and (2) Plaintiff acquired beneficiary status by virtue of a settlement agreement entered into in the context of a South Carolina Interpleader action. (ECF Nos. 60, 61.) Per the terms of that settlement, Plaintiff and each of the two beneficiaries listed on Decedent's Enrollment Form were to receive one-third of the basic life benefit and one-third of the accidental life benefit "should Guardian approve the insurance claim for the Accident Death Benefit portion of the policy." (ECF No. 60, at 5.) On August 6, 2013, the Court granted Defendant's motion for summary judgment, finding that Plaintiff lacked standing to bring an action under ERISA for denial of benefits. Plaintiff filed the instant motion for reconsideration on August 21, 2013.

## II. LEGAL STANDARD

"Reconsideration is an extraordinary remedy" and should be granted "very sparingly." *See* L. Civ. R. 7.1(i) cmt. 6(d); *see also Fellenz v. Lombard Investment Corp.*, 400 F. Supp. 2d 681, 683 (D.N.J. 2005). A motion for reconsideration "may not be used to re-litigate old matters" or argue new matters that could have been raised before the original decision was reached. *See, e.g., P. Schoenfeld Asset Mgmt., LLC v. Cendant Corp.*, 161 F. Supp. 2d 349, 352

2

(D.N.J. 2001). To prevail on a motion for reconsideration, the moving party must "set [] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1.

The Court will reconsider a prior order only where a different outcome is justified by: 1) an intervening change in law; 2) the availability of new evidence not previously available; or 3) a need to correct a clear error of law or manifest injustice. *See N. River Ins. Co. v. CIGNA Reinsurance, Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995). When the assertion is that the Court overlooked something, the Court must have overlooked "some dispositive factual or legal matter that was presented to it." *McGovern v. City of Jersey City*, No. 98-5186, 2008 WL 58820, at *2 (D.N.J. Jan. 2, 2008).

## III. DISCUSSION

In her motion, Plaintiff neither argues that there has been an intervening change in the law, nor that new evidence compels a result different from the one this Court previously reached. Accordingly, to prevail on her motion for reconsideration, Plaintiff must establish either that this Court committed clear error in granting summary judgment, or that reconsideration is appropriate to prevent manifest injustice. *See N. River Ins. Co.*, 52 F.3d at 1218.

Plaintiff makes two claims in support of her instant motion. First, Plaintiff asserts that "the Court...completely overlooked the provision in the subject ERISA Plan which provided for standing to an Estate as a beneficiary under the plan if there is no other beneficiary at the time of the insured's death." (Pl.'s Br. Supp. Mot. Reconsid. 1.) Plaintiff maintains that the Enrollment Form is fraudulent, leaving no named beneficiaries under the Plan. In such an instance, the Plan "provide[s] for standing to an Estate as a beneficiary...." *Id.*

3

Second, Plaintiff claims that Defendant is collaterally estopped from denying the Estate beneficiary status under the Plan because Defendant "placed the very issue of standing as a beneficiary under the subject ERISA Plan into the interpleader action, and had a full and fair opportunity to contest that issue if it so chose...." *Id.*, at 5.

It is clear to the Court that Plaintiff's motion seeks to re-argue matters that were previously presented to and rejected by this Court. The Court will address each in turn.

A. <u>Fraudulent Enrollment Form</u>

In her motion for reconsideration, Plaintiff repeats her argument that the Decedent's Enrollment Form was fraudulent. She claims that the Court "completely overlooked the provision in the subject ERISA Plan which provided for standing to an Estate as a beneficiary under the plan if there is no other beneficiary at the time of the insured's death." *Id.*, at 1.

To the contrary, despite the fact that the Hoover Certification, submitted by Plaintiff to contest the validity of the Enrollment Form, was stricken from the record, the Court nevertheless considered it and plainly stated, "Even if the contents of the Hoover Certification *were* properly before the Court, the Court has reviewed same and finds that it fails to contain any evidence to support the assertion that the Enrollment Form submitted by Defendant is not authentic." (Opinion, at 16 n.6.) Since there was no evidence beyond mere speculation that the form was fraudulent, the Court found that "no reasonable juror could conclude that the Enrollment Form...is not authentic." *Id.*, at 16. Therefore, Plaintiff's assertion that the Estate has standing as a beneficiary in the event of a fraudulent Enrollment Form lacks proper basis and is rejected.

B. <u>Interpleader Action</u>

Plaintiff advances an additional argument that was previously considered and rejected by this Court on summary judgment. Plaintiff claims that Defendant is collaterally estopped from

4

arguing that Plaintiff is not a beneficiary under the Plan because "Guardian, having placed the very issue of standing as a beneficiary under the subject ERISA Plan into the interpleader action, and had a full and fair opportunity to contest that issue if it so chose, cannot now relitigate that issue." (Pl.'s Br. Supp. Mot. Reconsid. 5.)

Plaintiff has not established that this Court overlooked dispositive facts or legal issues that would warrant a grant of her motion for reconsideration. Rather, Plaintiff is merely re-litigating the issue of whether Defendant is collaterally estopped from arguing that Plaintiff lacks standing under ERISA. The Court previously considered this very argument and found that Plaintiff cited to "no binding legal authority for the proposition that standing to sue under ERISA can be acquired by virtue of a settlement agreement" or "in support of the theory that the terms of an ERISA plan can be amended by way of a subsequently filed settlement agreement." (Opinion, at 17-18.) Moreover, because there was "no finding by the Court in the Interpleader action that Plaintiff and/or the Estate, in fact, are beneficiaries under the Plan...[or] any admission to that effect by Guardian," Plaintiff's argument that Defendant should be collaterally estopped from arguing that Plaintiff lacked standing was "entirely inapplicable...inasmuch as the issue of whether Plaintiff and/or the Estate were beneficiaries under the Plan was not 'actually litigated' in the context of the Interpleader action." (Opinion, at 18-19.)

Local Civil Rule 7.1(i) does not allow parties to restate arguments that the court has already considered. *See, e.g., G–69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990). To that end, "[m]ere disagreement with a decision of the District Court should normally be raised through the appellate process and is inappropriate on a motion for reargument." *Bowers v. Nat'l Collegiate Athletic Ass'n*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001) (clarifying that motions for reconsideration in this district are not "a substitute for the appellate process" or "an opportunity

to argue what could have been, but was not, argued in the original set of moving and responsive papers.") In failing to establish that this Court overlooked any "*dispositive* factual or legal matter that was presented to it," Plaintiff has failed to sustain her burden of establishing that this Court committed clear error in granting summary judgment. *McGovern*, 2008 WL 58820, at *2 (emphasis added).

## IV. CONCLUSION

Based on the reasons set forth above, Plaintiff Francine Cole's motion for reconsideration is **denied**.

An appropriate Order accompanies this Opinion.

/s/ Jose L. Linares
Jose L. Linares
United States District Judge

Date: September 11, 2013